UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK J. GOSSETT,

                       Petitioner,

     v.

JASON BENNETT,

                       Respondent.

CASE NO. 3:24-cv-05501-TMC-DWC

REPORT AND RECOMMENDATION

Noting Date: July 25, 2024

The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Mark J. Gossett proceeding *pro se*, has filed a motion to proceed *in forma pauperis* ("IFP") (Dkt. 1), a proposed § 2254 habeas petition (Dkt. 1-1), and other proposed motions and requests (Dkts. 1-8, 1-9, 1-10, 4, 5).

Upon review of his proposed petition, it plainly appears Petitioner is not entitled to habeas relief in this Court as the instant petition is second or successive. Accordingly, the undersigned declines to order service upon Respondent pursuant to Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), recommends the proposed petition (Dkt. 1-1) be

REPORT AND RECOMMENDATION - 1

dismissed without prejudice for lack of jurisdiction, and further recommends the IFP motion
(Dkt. 1) and all proposed motions (Dkts. 1-8, 1-9, 1-10, 4, 5) be denied as moot.

## I. Background

Petitioner is currently in custody at Stafford Creek Corrections Center, where he is
serving a 245-month sentence arising out of his state conviction for two counts of second-degree
rape of a child and two counts of second-degree child molestation entered in *State of Washington
v. Mark Gossett*, Superior Court of Thurston County Cause No. 08-1-0212-9. As his sole ground
for relief, Petitioner argues that certain sentencing provisions permitting a Washington State
board to make decisions about his sentencing conditions violate the Sixth Amendment to the
United States Constitution. *See* Dkt. 1-1 at 6; Dkt. 1-3.

In July 2015 and again in February 2024, Petitioner filed separate federal habeas petitions
challenging the same state court conviction (hereinafter "first" and "second" petitions,
respectively). *See Gossett v. Glebe,* No. 3:15-cv-05515-BHS-JRC (W.D. Wash.) (filed July 27,
2015) and *Gossett v. Bennett,* No. 24-cv-05130-DGE-MLP (W.D. Wash.) (filed February 16,
2024). Petitioner raised three grounds for federal habeas relief in his first petition; after rejecting
each ground on the merits, this Court denied the first petition with prejudice. *Gossett,* No. 3:15-
cv-05515-BHS-JRC, Dkts. 17, 19, 20 (judgment entered January 21, 2016). As for his second
petition, this Court found it was second or successive to the first petition and dismissed the
action without prejudice for lack of jurisdiction on April 8, 2024. *Gossett,* No. 24-cv-05130-
DGE-MLP, Dkts. 13, 14 (judgment entered). Although a certificate of appealability was denied
in that case, *id.*, Petitioner filed a notice of appeal to the Ninth Circuit on June 11, 2024. *Id.* at
Dkt. 27 (Notice of Appeal No. 24-3788).

Less than two weeks after he filed the notice of appeal regarding his second petition, Petitioner filed the instant action. The Court now screens his proposed petition (Dkt. 1-1) to determine whether ordering service upon Respondent is appropriate.

## II.    Legal Standard

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review of a habeas petition. The Rule specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

Finally, Rule 9 of the Habeas Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

Failure to do so deprives the district court of jurisdiction over a successive petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010).

1

2

III.    Discussion

A.    **28 U.S.C. § 2254 is Petitioner's exclusive avenue for obtaining federal habeas relief.**

3

4      Although Petitioner indicates he is filing a § 2241 petition and uses the standard form for

5  such petitions, he is currently confined pursuant to a state court judgment of conviction entered

6  in *State of Washington v. Mark Gossett*, Superior Court of Thurston County Cause No. 08-1-

7  0212-9. Dkt. 1-1 at 1–2. As such, the proposed petition is construed as one filed under 28 U.S.C.

8  § 2254, which is the only available mechanism for challenging his current confinement. *See*

9  *Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section 2254] 'is the exclusive

10 vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment,

11 even when the petitioner is not challenging his underlying state court conviction.'") (quoting

12 *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)).

13

14

B.    **The Court lacks jurisdiction over this action because Petitioner did not obtain leave from the Circuit Court before filing his successive proposed petition.**

15     The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a

16 gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one

17 of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies

18 only to petitions adjudicated and denied on the merits in the previous federal habeas corpus

19 proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-*

20 *Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either

21 considers and rejects the claims or determines that the underlying claim will not be considered

22 by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v.*

23 *Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). Dismissal of a first petition with prejudice because

24

of a procedural default that forecloses review by federal courts is an adjudication on the merits. *McNabb*, 576 F.3d at 1029. "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in the prior petition. *Id.* at 1029; *see also* 28 U.S.C. § 2244 (claims are successive and barred unless the petitioner shows the claim "relies on a new rule of constitutional law" or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.").

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Habeas Rules; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In the absence of an such an order authorizing review, a district court lacks jurisdiction to consider a second or successive petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Stated another way, this Court is unable to review habeas claims that could have been brought in a prior petition, unless the petitioner first obtains permission from the Ninth Circuit to file a successive petition.

Accordingly, in determining whether it can consider a potentially successive petition, the Court asks three questions: (1) was the prior petition adjudicated on the merits? (2) could the habeas claims raised in the new petition have also been raised in the prior petition? and (3) did the petitioner obtain permission to file the new petition? If the first and second questions are answered in the affirmative, the answer to the final question must also be "yes." Otherwise, the Court lacks jurisdiction, and the successive petition must be dismissed.

Here, the answer to the first question is "yes"—Petitioner's first petition was adjudicated on the merits. Thus, the Court proceeds to the second question: could the habeas claims brought in the proposed petition have also been raised in the prior petition? The answer to that question is

1    also "yes." The sole ground for habeas relief raised in the proposed petition is that certain

2    provisions of a Washington State sentencing statute violate the United States Constitution. Dkt.

3    1-1 at 6. In particular, Petitioner argues a prior version of Wash. Rev. Code § 9.94A.712—which

4    was last amended and recodified in July 2009—runs afoul of the United States Supreme Court

5    decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Dkts. 1-1, 1-3. Both the prior version

6    of the challenged statute and the constitutional authority on which Petitioner relies existed when

7    he filed his first petition in July 2015, and Petitioner does not explain why his claim could not

8    have been raised at that time.

9         Moreover, there is no indication that Petitioner's claim challenges a specific board

10   decision occurring after his first petition was filed. Instead, Petitioner merely references two

11   docket entries in his underlying criminal case. Dkt. 1-1 at 6. Upon review of publicly available

12   court records, both docket entries were entered before July 2015. *See State of Washington v.*

13   *Mark Gossett*, Superior Court of Washington for Superior Court of Thurston County Cause No.

14   08-1-0212-9 (Docket Entry 104 entered June 10, 2010, and Docket Entry 122 entered August 27,

15   2012), *docket available at https://odysseyportal.courts.wa.gov/* (last accessed July 8, 2024).

16   Thus, the Court finds the sole ground for relief raised in Petitioner's proposed petition could

17   have been raised in his first petition.

18        Therefore, the Court proceeds to the third and final question: did Petitioner obtain

19   permission before filing the proposed petition? The answer is "no," there is no evidence or

20   allegation Petitioner obtained permission from the Circuit Court before filing his proposed

21   petition. Although Petitioner has framed his proposed petition as one filed pursuant to 28 U.S.C.

22   § 2241, the only available mechanism for him to seek federal habeas relief while he is confined

23   on a state conviction is 28 U.S.C. § 2254. *See Dominguez*, 906 F.3d at 1135–36. Thus,

24

REPORT AND RECOMMENDATION - 6

Petitioner's framing of his proposed petition under 28 U.S.C. § 2241 does not eliminate the need for him to obtain permission from the Circuit Court before filing a successive petition.

Accordingly, Petitioner's failure to obtain leave before filing his proposed petition necessitates dismissal of the instant case for lack of jurisdiction.

## IV.    Certificate of Appealability

Because the proposed petition is construed as one seeking post-conviction relief under 28 U.S.C. § 2254, Petitioner may only appeal a district court's dismissal of his federal habeas petition after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue…only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the proposed petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to his proposed petition.

## V.    Conclusion

For the reasons outlined above, Petitioner is not entitled to habeas relief as the Court lacks jurisdiction over his proposed petition. Thus, in accordance with Rule 4 of the Habeas Rules, the Court declines to serve the proposed petition and, instead, recommends this action be dismissed without prejudice, the IFP motion (Dkt. 1) and all proposed motions (Dkts. Dkts. 1-8, 1-9, 1-10, 4, 5) be denied as moot, and a certificate of appealability be denied in this case. As

explained above, if Petitioner wishes to file a second or successive petition in this Court, he must first obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 25, 2024, as noted in the caption.

Dated this 10th day of July, 2024.

David W. Christel
United States Magistrate Judge