UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK J GOSSETT, | Case No. 3:24-cv-05501-TMC |
| Petitioner, | ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |
| v. | |
| JASON BENNETT, | |
| Respondent. | |

## I.   ORDER

Before the Court is Petitioner Mark J. Gossett's second motion for relief from judgment. Dkt. 20. After reviewing the motion and the remaining record, the Court DENIES the motion.

On August 13, 2024, the Court dismissed Mr. Gossett's federal habeas petition without prejudice in its order adopting the Report and Recommendation of U.S. Magistrate Judge David

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 1

W. Christel. Dkt. 15. The Court agreed with Judge Christel that Mr. Gossett's petition should be dismissed without prejudice for lack of jurisdiction as a second or successive petition. *Id.* at 2. The Court entered judgment the same day. Dkt. 16. On September 27, 2024, the Court denied Mr. Gossett's first motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4), which argued that the judgment was void because the Court had characterized his habeas petition as one brought under 28 U.S.C. § 2254. Dkt. 18.

Mr. Gossett has now moved again for relief under Rule 60(b)(4), which allows the Court to grant relief from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). The Court will consider the merits of Mr. Gossett's motion because it attacks an alleged defect in the integrity of his habeas proceedings and is not itself a disguised second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–33 (2005); *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011).

Mr. Gossett argues that the judgment is void because the Court failed to apply "the successive analysis set forth in *Sanders v. United States*, 373 U.S. 1, 83 S. Ct. 1068 (1963)." Dkt. 20 at 1. This argument is unpersuasive. The Magistrate Judge correctly applied, and this Court adopted, the standard for determining whether a habeas petition is second or successive under 28 U.S.C. § 2244. And even if Mr. Gossett's argument had merit, "a judgment is not void merely because it is erroneous." *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). A judgment is void for purposes of Rule 60(b)(4) "only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). Mr. Gossett's argument does not meet this standard.

## II.     CONCLUSION

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 2

For the reasons explained above, the Court DENIES the motion for relief from judgment (Dkt. 20). The Court also DENIES a certificate of appealability.

Dated this 8th day of November, 2024.

_____
Tiffany M. Cartwright
United States District Judge