UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK J GOSSETT,<br><br>            Petitioner,<br><br>   v.<br><br>JASON BENNETT,<br><br>            Respondent. | Case No. 3:24-cv-05501-TMC<br><br>THIRD ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT |

## I.   ORDER

Before the Court are three motions for relief from judgment filed by Petitioner Mark J. Gossett. Dkt. 28, 29, 32. The Court has reviewed all three motions and the remaining record. For the reasons explained below, all three motions are DENIED. Additionally, because Mr. Gossett has repeatedly filed frivolous motions, the Court ORDERS Mr. Gossett to show cause by March 17, 2025 why he should not be sanctioned under Federal Rule of Civil Procedure 11.

On August 13, 2024, the Court dismissed Mr. Gossett's federal habeas petition without prejudice in its order adopting the Report and Recommendation of U.S. Magistrate Judge David W. Christel. Dkt. 15. The Court agreed with Judge Christel that Mr. Gossett's petition should be dismissed without prejudice for lack of jurisdiction as a second or successive petition. *Id.* at 2. The Court entered judgment the same day. Dkt. 16. On September 27, 2024, the Court denied

Case 3:24-cv-05501-TMC    Document 33    Filed 03/03/25    Page 2 of 5

Mr. Gossett's first motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4), which argued that the judgment was void because the Court had characterized his habeas petition as one brought under 28 U.S.C. § 2254. Dkt. 18. On November 8, 2024, the Court entered another order denying Mr. Gossett's second motion for relief from judgment. Dkt. 25.

Mr. Gossett appealed both the dismissal of his habeas petition and the denial of his post-judgment motions. Dkt. 19, 21. On December 23, 2024, the Ninth Circuit affirmed this Court by denying Mr. Gossett a certificate of appealability, concluding that he had not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Dkt. 27.

Still, Mr. Gossett has persisted in filing three more motions for relief from judgment. Dkt. 28, 29, 32. Two of those motions again seek relief under Federal Rule of Civil Procedure 60(b)(4), which allows the Court to grant relief from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] judgment is not void merely because it is erroneous." *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). A judgment is void for purposes of Rule 60(b)(4) "only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).

The third motion seeks relief under Federal Rule of Civil Procedure 60(b)(3), which allows the Court to grant relief for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented

THIRD ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 2

the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

The Court will address the merits of Mr. Gossett's motions because they attack alleged defects in the integrity of his habeas proceedings and are not themselves disguised second or successive habeas petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–33 (2005); *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011). Because the motions are frivolous, however, the Court will also order Mr. Gossett to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11.

### A.    Dkt. 28

The motion filed at Dkt. 28 argues that the Court should vacate its November 8, 2024 order denying Mr. Gossett's second motion for relief from judgment. The motion argues that order is void "based upon the Court's procedural failure to conduct de novo review of jurisdiction challenge." Dkt. 28 at 1. But this Court has conducted de novo review throughout Mr. Gossett's habeas proceeding and post-judgment motions, and the Ninth Circuit affirmed this Court's decisions by denying Mr. Gossett a certificate of appealability. Dkt. 27. This motion is frivolous.

### B.    Dkt. 29

The motion filed at Dkt. 29 claims that the judgment is void because the U.S. Magistrate Judge violated 28 U.S.C. § 636 by entering final judgment without Mr. Gossett's consent. But that is not true. The Magistrate Judge issued a Report and Recommendation as authorized by 28 U.S.C. § 636(b), and the undersigned Article III judge conducted de novo review, dismissed Mr. Gossett's habeas petition, and entered judgment. Dkt. 15. This motion is also frivolous.

### C.    Dkt. 32

In Dkt. 32, Mr. Gossett appears to argue that the Magistrate Judge and District Judge engaged in a fraudulent scheme by dismissing his habeas petition without ordering that the original state court record be produced. But this Court dismissed Mr. Gossett's petition based on a threshold procedural issue—that his action was a second or successive habeas petition filed without authorization from the Court of Appeals. Dkt. 15 at 1–2. The Court's decision has already been affirmed on appeal. Dkt. 27. This motion is also frivolous.

### D.    Sanctions Under Federal Rule of Civil Procedure 11

Although Mr. Gossett brings these motions pro se, he remains bound by the Federal Rules of Civil Procedure, like any other litigant. Rule 11 expressly provides that it applies to "a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Under Rule 11, by signing a motion, an unrepresented party certifies to the Court that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Mr. Gossett's motions appear to violate this rule, and his repeated use of motions for relief from judgment to advance frivolous arguments abuses the judicial process and wastes time the Court could spend handling other cases, including cases from other prisoners and pro se litigants.

Rule 11(c)(1) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule." Fed. R. Civ. P. 11(c)(1). The sanction should "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and may include "nonmonetary directives" or "an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(4). To give Mr. Gossett notice and an opportunity to be heard, the Court

ORDERS Mr. Gossett to show cause no later than March 17, 2025 why he should not be sanctioned for violating Rule 11(b)(2).

## II.   CONCLUSION

For the reasons explained above, all of Mr. Gossett's pending motions for relief from judgment are DENIED. A certificate of appealability is also DENIED. Mr. Gossett is ORDERED to show cause no later than March 17, 2025 why he should not be sanctioned for filing frivolous motions in violation of Federal Rule of Civil Procedure 11(b)(2).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 3rd day of March, 2025.

Tiffany M. Cartwright
United States District Judge